SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ADAM R. ROSENTHAL, Cal Bar No. 246722
LUKE J. BICKEL, Cal Bar No. 341210
HALLIE AYLESWORTH, Cal Bar No. 358217
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:   858.509.3691
E mail      arosenthal@sheppardmullin.com
            lbickel@sheppardmullin.com
            haylesworth@sheppardmullin.com

Attorneys for Defendant
PRE-PAID LEGAL SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| WESLEY HUNTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEGALSHIELD LEGAL SERVICES, INC, DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. 4:25-cv-5399<br><br>[Alameda Superior Court Case No. 25CV122162]<br><br>**DEFENDANT PRE-PAID LEGAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Pre-Paid Legal Services, Inc. dba LegalShield ("LegalShield" or "Defendant"), hereby removed the above-captioned action from the Superior Court of the State of California for the County of Alameda, Case No. 25CV122162, to the United States District Court for the Northern District of California.

Removal is based on the Class Action Fairness Act ("CAFA"). This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. §§ 1332(d), 1441, 1453 and 1446, because it is a proposed class action, minimal diversity exists, there are over 100 purported class members, and the amount in controversy exceeds $5,000,000. Thus, removal is proper as set forth by the grounds below.

## I.    PROCEDURAL HISTORY

1. On May 8, 2025, Plaintiff Wesley Hunter ("Plaintiff") filed an unverified purported class action Complaint ("Complaint") in the Superior Court of California, County of Alameda, entitled *Hunter v. Pre-Paid Legal Services, Inc.* (the "State Court Action"). On May 28, 2025, Plaintiff personally served the Summons and Complaint, among other documents on LegalShield. (Declaration of Adam Rosenthal ("Rosenthal Declaration" or "Rosenthal Decl."), ¶ 5.) True and correct copies of the documents served upon Defendant are attached as Exhibits 1 through 5 to the Rosenthal Declaration. Additional documents downloaded from the docket in the State Court Action are attached as Exhibits 6 through 10 to the Rosenthal Declaration.

2. On June 26, 2025, LegalShield filed its Answer to Plaintiff's Complaint in the State Court Action. A true and correct copy of the answer filed in the state court and served upon Defendant is attached as Exhibit 11 to the Rosenthal Declaration.

3. All filings in the State Court Action as of the date of this Notice of Removal are attached as Exhibits 1 through 11 to the Rosenthal Declaration. See 28 U.S.C. § 1446(a) (defendant must provide district court with "a copy of all process, pleadings, and orders served upon such defendant"). Additionally, a true and correct copy of a printout of the Alameda Superior Court docket is attached hereto as Exhibit 12 to the Rosenthal Declaration.

## II. CLAIMS

4. In the Complaint, Plaintiff asserts the following 11 causes of action against Defendant, both individually and on behalf of purportedly similarly situated individuals: (1) Failure to Pay Minimum Wages; (2) Failure to Pay Overtime Wages; (3) Failure to Timely Pay Wages; (4) Failure to Provide Meal Periods; (5) Failure to Provide Rest Periods; (6) Unlawful Deduction of Wages; (7) Failure to Reimburse Business Expenses; (8) Failure to Maintain Time and Payroll Records; (9) Failure to Provide Accurate Wage and Itemized Statements; (10) Failure to Timely Pay All Wages Due Upon Separation from Employment; and (11) Violations of the California Business and Professions Code §§17200, *et seq*. (*See* Compl.)

## III. TIMELINESS OF REMOVAL

5. Under 28 U.S.C. § 1446(b), there are "two thirty-day windows during which a case may be removed–during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).

6. The Supreme Court held in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) that neither 30-day deadline to remove can be triggered until the defendant is formally served in accordance with state law. Defendant was served with Plaintiff's Complaint on May 28, 2025, within 30 days prior to the filing

of this notice of removal. *See* Cal. Code Civ. Proc. § 415.30(b); (Rosenthal Decl., ¶ 5). LegalShield's notice of removal is therefore timely.

## IV. JOINDER

7. Defendant is not aware of any other defendant that exists, who has been named in the Complaint, or who has been served with a summons and the Complaint. (Rosenthal Decl., ¶ 9.) Thus, there are no other defendants to join or consent in the removal of this action. *See* 28 U.S.C. 1441(b). Therefore, all procedural requirements for notice under 28 U.S.C. § 1446 have been followed and satisfied.

## V. VENUE IS PROPER

8. Venue of this action lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1441(a) and 1391(b), as this is the judicial district in which Plaintiff alleges the action arose.[1] (Compl., ¶ 9.)

## VI. ORIGINAL JURISDICTION EXISTS UNDER THE CLASS ACTION FAIRNESS ACT

9. This Court has original jurisdiction over this matter under CAFA, which is codified in pertinent part in 28 U.S.C. §1332(d)(2). This action is properly removable pursuant to the provisions of 28 U.S.C. § 1441(a), in that: (1) the purported civil class action contains at least 100 purported class members; (2) the defendant is not a state, state official, nor other governmental entity; (3) the aggregate amount in controversy exceeds $5,000,000; and (4) there is diversity of citizenship between at least one class member and one defendant. *See* 28 U.S.C. §§ 1332(d)(2) & (d)(6); 332(d)(5)(B).

10. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

---

[1] Please take notice that in the event Plaintiff refuses to stipulate to dismiss his class claims and proceed in arbitration per Plaintiff's arbitration agreement with LegalShield, Defendant will promptly file a motion to compel arbitration in this Court—which is the proper court to hear LegalShield's motion to compel arbitration.

original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

11. In 2005, Congress enacted CAFA with the "intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019) (quoting S. Rep. No. 109-14, at 35 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 34). To this end, CAFA gives federal district courts original jurisdiction over "any civil action" that is "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action" where: (1) "any member of the class of plaintiffs is a citizen of a State different from any defendant"; (2) "the primary defendants" are not "States, State officials, or other government entities against whom the district court may be foreclosed from ordering relief"; (3) there at least 100 members in the aggregate of all "purported plaintiff classes"; and (4) the aggregate amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d); *see also Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) (summarizing CAFA's jurisdictional requirements).

12. Here, as explained in detail below, this Court has jurisdiction over the State Court Action under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because Defendant's records demonstrate the following: (1) Plaintiff is a citizen of a state different from Defendant; (2) Defendant is not a state, state official, or other governmental entity; (3) the matter is a purported class action involving a purported plaintiff class of more than 100 members; and (4) the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

### A. Only "Minimal Diversity" Is Necessary Under CAFA

13. CAFA's diversity requirement is satisfied when there is minimal diversity—i.e., "**any** member of a class of plaintiffs is a citizen of a State different from **any** defendant." 28 U.S.C. § 1332(d)(2) (emphasis added). Citizenship of the parties, for purposes of diversity jurisdiction, is determined at the time of the lawsuit's commencement. *See Mann v. City of Tucson* 782 F.2d 790, 794 (9th Cir. 1986).

14. As discussed below, the CAFA requirements for minimum diversity of citizenship are satisfied as to (1) Plaintiff, (2) Defendant LegalShield, and (3) Doe Defendants.

### (1) Plaintiff

15. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States, and (b) a domiciliary of one particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Numerous courts have recognized that residency constitutes *prima facie* evidence of domicile, and thus citizenship. *See, e.g.*, *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2014) ("Evidence of a person's place of residence, however, is prima facie proof of his domicile."); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile."); *Elhania v. Airbnb, Inc.*, 23-cv-01376-JSW, at *3-4 (N.D. Cal. May 16, 2023) (noting numerous circuits apply this standard). Plaintiff alleges he is a citizen of the State of California. (Compl., ¶ 10.) Further, based on Plaintiff's Associate file and Company records, Defendant is informed and believes, and on that basis alleges, Plaintiff is a citizen of the United States, and was a resident of and domiciled in California during his contract with LegalShield as an independent contractor. (Declaration of Matthew Layton ["Layton Decl."], ¶ 6.)

**(2)  Defendant**

16. Defendant Pre-Paid Legal Services, Inc. dba LegalShield, a corporation, is not a citizen of California. For diversity purposes, an entity is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Supreme Court has specifically recognized that the "principal place of business" is the "nerve center" of the entity, i.e., the state where high level officers direct, control, and coordinate the entity's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). There can only be one "nerve center." *Id.* at 93-94. In evaluating where the "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the entity and will not weigh corporate functions, assets, or revenues in each state. *Id.*

17. At all times relevant to this litigation and Plaintiff's affiliation with LegalShield as an independent contractor, Defendant was and is a corporation in the state of Oklahoma. (Layton Decl., ¶ 3.) Defendant's headquarters, where the majority of executive and administrative functions are performed; where its offices are located; and where its high level officers direct, control, and coordinate the company's activities, is in Ada, Oklahoma. (*Id.*) Accordingly, for the purpose of removal, Defendant is a citizen of Oklahoma. Thus, the minimum diversity requirement under CAFA is satisfied.

**(3)  Doe Defendants**

18. As alleged in the Complaint, "Defendants" designated as Does 1 through 20 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. *See* 28 U.S.C. § 1441(b); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citizenship of fictitious defendants disregarded for removal). Pursuant to 28 U.S.C. § 1441(b), the citizenship of

defendants sued under fictitious names must be disregarded when determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (finding that unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 20, inclusive, does not deprive this Court of jurisdiction and the minimum diversity requirement under CAFA is satisfied.

### B. Numerosity under CAFA

19. CAFA provides that the district courts shall not have jurisdiction over class actions where "the number of members of all purported plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

20. Plaintiff identified a purported class of "[a]ll individuals who were classified as independent contractors and who performed work for Defendants in the State of California from four years before the filing of this action to the date of trial." (Compl., ¶19.)

21. Plaintiff identified a Waiting Time Subclass of "[a]ll members of the Class who separated their employment from Defendants within three years prior to the filing of this action to the date of trial." (Compl., ¶20.)

22. Defendant's records indicate that there were at least 38,000 independent contractor "Associates" affiliated with LegalShield in California during the relevant time period of May 8, 2021 through the present day. (Layton Decl., ¶ 7(a).) Therefore, the purported class of "All individuals who were classified as independent contractors and who performed work for Defendants" identified by Plaintiff is well in excess of 100. Accordingly, the numerosity requirement under CAFA has been satisfied and removal is proper under 28 U.S.C. § 1332(d)(5).

## C. Amount in Controversy

23. CAFA authorizes the removal of class actions in which the aggregate amount in controversy for all class members exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(6).

24. Importantly, the "amount-in-controversy requirement excludes only 'interest and costs.'" *Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Thus, the amount in controversy at the time of removal not only includes "compensatory damages," but also includes statutory penalties and premium payments pursuant to the California Labor Code, special damages, restitutionary remedies, injunctive relief, *future* attorneys' fees, and other various forms of relief to which the plaintiff may be entitled if they prevail. *See id.*; *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (holding that "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes'"); *Fritsch v. Swift Trans. Co. of AZ, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that the amount in controversy at the time of removal includes all relief to which a plaintiff is entitled if the action succeeds, including future attorneys' fees).

25. In *Dart Cherokee Basin Operating Co. v. Owens*, the Supreme Court held that, where the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a <u>plausible</u> allegation that the amount in controversy exceeds the jurisdictional threshold." 574 U.S. 81, 89 (2014) (emphasis added). Further, a removing defendant need not set forth evidence establishing the amount in its notice of removal. *See id.*; *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019) (holding that "a removing defendant's notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional

elements") (citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

26. The Ninth Circuit has concluded that "[n]otice of removability under 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Casualty Co.* 425 F.3d 689, 694 (9th Cir. 2005). Therefore, Defendant need only show that there is "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

27. In determining whether the amount in controversy is satisfied for removal purposes, the Court must presume plaintiffs will prevail on each and every one of their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. Mar. 22, 2002), *citing Burns v. Windsor Ins. Co.* 31 F.3d 1092, 1096 (11th Cir. 1994) (the court's analysis presumes that "plaintiff prevails on liability"), *citing Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Thus, the argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *See Lowdermilk v. U.S. Bank*, 479 F.3d 994, 1004 (9th Cir. 2007) ("the court should consider, in addition to the complaint itself, 'facts in the removal petition and . . . summary judgment-type evidence relevant to the amount in controversy at the time of removal.'").

28. **Entirely for the purpose of removal and without making an admission of liability or damages with respect to any aspects of Plaintiff's case or the proper legal test(s) applicable to Plaintiff's allegations on behalf of himself and the purported class he seeks to represent**, the amount placed into controversy

in Plaintiff's lawsuit far exceeds the $5,000,000 jurisdictional minimum under CAFA as detailed below. Defendant provides the following calculations <u>only to demonstrate</u> that the amount in controversy in this case <u>as pled by Plaintiff</u> in his lawsuit, easily exceeds the jurisdictional requirement. Defendant <u>does not waive</u> its right to ultimately contest, *inter alia*, whether Plaintiff can pursue any of his claims as a class action (both with respect to the parties' arbitration agreement and, if necessary, under Federal Rules of Civil Procedure, Rule 23), liability as to Plaintiff and every other Associate he seeks to represent in this lawsuit, and whether the proper amount of damages due, if any, in the event Plaintiff were to prevail with respect to any of his claims. Defendant reserves the right to provide more specific calculations of all potential damages placed in controversy in the event Plaintiff seeks to remand this action to the state court.

29. Plaintiff's Complaint fails to disclose the amount in controversy for the alleged violations by Defendant. Plaintiff's Complaint further fails to provide information to readily determine the amount in controversy without independent investigation and analysis. As previously noted, the Ninth Circuit has stated that "[n]otice of removability under 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris,* 425 F.3d at 694. Therefore, based on the four corners of the Complaint, Defendant alleges there is more than $5,000,000 in controversy.

30. Plaintiff's eleventh cause of action alleges that Defendant violated California Business and Professions Code section 17200 *et seq.* (Compl., ¶¶ 114-120.) The statute of limitations for this claim is four years. *See, e.g., Deutsch v. Turner Corp.*, 324 F.3d 692, 717 (9th Cir. 2003) (recognizing that the statute of limitations for claims under section 17200 is four years). Plaintiff further alleges that Plaintiff and the purported class are entitled to restitution of wages unlawfully withheld for a period of four years prior to the filing of the Complaint. (Compl., ¶

120.) Because "[*a*]*ny* action on *any* UCL cause of action is subject to the four-year period of limitations created by that section," unless otherwise noted, the statute of limitations for the California Labor Code violations asserted in Plaintiff's first through tenth causes of action is four years prior to the filing of the Complaint. *See Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 179 (Cal. 2000) (holding that the four-year statute of limitations under the UCL governed a claim for unpaid overtime wages, rather than the three-year period that would otherwise apply); *see also* Cal. Bus. & Prof. Code § 17208.

31. Based on the above, and a review of LegalShield's records, the following figures are relevant in establishing CAFA removal:

    a. Based on Plaintiff's purported class, at least 38,000 current and former independent contractor Associates have contracted with Defendant during the time period of May 8, 2021 through the present within the State of California. (Layton Decl., ¶ 7(a).)

    b. Between May 8, 2024 and the present, at least 27,500 current and former independent contractor Associates have contracted with Defendant within the State of California. (*Id*., ¶ 7(b).)

    c. Between May 8, 2022 and the present, there have been at least 10,000 former California-based Associates who ceased to be engaged as independent contractors with LegalShield. (*Id*., ¶ 7(c).)

32. Due to the size of the purported class, Plaintiff's claims clearly place more than $5,000,000 in controversy. For example, Plaintiff's ninth cause of action (among others) meets that amount standing alone. This claim seeks penalties for alleged inaccurate bi-monthly wage statements for the past year, and the penalties would be at least $6,462,500 if only 10% of the 27,500 Associates active in the past year had a claim for each pay period (27,500 class members x 10% x $2350). *See* Labor Code § 226(e) (setting $50 penalty for a first violation, and $100 penalty for each subsequent pay period with a violation). The use of 10% of the total number of

Associates is a conservative example of the amount in controversy as 100% of the Associates could be included in the calculation based on Plaintiff's allegations under section 226(e). *See Kastler v. Oh My Green, Inc.*, 2019 WL 5536198 at *6 (N.D. Cal. 2019).

33.  Other independent claims asserted by Plaintiff likewise aggregate to more than $5 million. Plaintiff's third cause of action, alleging failure to make timely wage payments, carries an initial penalty of $100 per person, *see* Labor Code § 210, which would come to $3,800,000 if there was merely one violation per Associate with no subsequent violations, but Plaintiff also seeks penalties for alleged subsequent violations. Plaintiff's seventh cause of action, seeking reimbursement of business expenses under Labor Code § 2802 implicates at least $2,500,000 that certain California Associates have spent to subscribe to LegalShield's proprietary sales platform (LegalShield Advantage Plus). (Layton Decl., ¶ 7(f).) Plaintiff's eighth cause of action, alleging failure to permit inspection of time and payroll records, carries a penalty of $750 per employee, *see* Labor Code § 1198.5, which would come to $2,850,000 if merely 10% of the Associates sought to and were unable to inspect or copy personnel records (38,000 x 10% x $750), though again it would be ten time that amount if applied, as Plaintiff alleges, to the entire class.

34.  Having estimated potential penalties for only four (*out of eleven*) causes of action, it is clear that there is "a reasonable probability that the stakes exceed" $5,000,000, both because individual causes of action put that amount at issue and because, in the aggregate, other causes of action put that amount at issue even when simply applying penalties to 10% of the purported class. If applied to every purported class member as Plaintiff asserts, the amount at issue from these four causes of action would be orders of magnitude higher.[2] Moreover, there are significant additional

---

[2] *See, e.g.*, *Kastler v. Oh My Green, Inc.*, 2019 WL 5536198 at *6 (N.D. Cal. 2019) (using a 100% violation rate in computing the amount in controversy under section

damages, restitution, penalties and attorneys' fees sought by Plaintiff in his purported class action lawsuit, including the first cause of action for alleged failure to pay what are purportedly minimum wages requirements for all hours worked, the ninth cause of action seeking penalties for alleged failure to pay all wages due within 30 days of termination, and attorney's fees (which in a class action can add a 25% "benchmark" award to the amounts already estimated).[3]

### D.  No CAFA Exceptions Apply

35.  CAFA contains various exceptions to its grant of original jurisdiction in 28 U.S.C. §§ 1332(d)(3)-(4). The party who opposes removal has the burden of demonstrating a valid CAFA exception. *King v. Great Am. Chicken Corp.,* 903 F.3d 875, 878 (9th Cir. 2018). However, none of these exceptions are applicable in this case and plaintiff will not be able to enunciate otherwise.

36.  One exception is based on the number of purported class members found in the state where the action is filed. However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). The action was originally filed in California and the primary (and only named) defendant here is LegalShield. LegalShield is not a citizen of California. Thus, this exception does not apply.

---

226(e)); *Duberry v. J. Crew Group, Inc.*, 2015 WL 45605018 at *3 (C.D. Cal. July 28, 2015) (noting that "courts have generally found the amount in controversy satisfied where a defendant assumes a 100% alleged violation rate based on allegations of a 'uniform' illegal practice (or other similar language) and where the plaintiff offers no evidence rebutting this violation rate.").

[3] *See Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367, (9th Cir. 1982); *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 775 n.4 (9th Cir. 2020); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. Mar. 20, 2015); *see also Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11 (2008).

37. The other exceptions applicable under CAFA are also based on the number of purported class members in the state in which the action was filed. 28 U.S.C. § 1332(d)(4). Yet, this exception is limited to situations in which all primary defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed." 28 U.S.C. §§ 1332(d)(4)(A)(i)(II) and 1332(d)(4)(B). Since (1) this action was originally filed in California, and (2) LegalShield is not a citizen of California, these exceptions do not apply.

### VII. NOTICE TO PLAINTIFF AND SUPERIOR COURT OF THE COUNTY OF ALAMEDA

38. This Notice of Removal will be promptly served on Plaintiff and filed with the Superior Court of the State of California in and for the County of Alameda.

39. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached to the Rosenthal Declaration as Exhibits 1 through 11 and the Case Docket is attached as Exhibit 12.

WHEREFORE, having provided notice as is required by law, Defendant respectfully removes this action from the Superior Court of California, Alameda County, to the United States District Court for the Northern District of California for the reasons set forth above.

Dated: June 27, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /S/ *Adam R. Rosenthal*
ADAM R. ROSENTHAL
LUKE J. BICKEL
HALLIE AYLESWORTH
Attorneys for Defendant
PRE-PAID LEGAL SERVICES, INC.

# PROOF OF SERVICE

**Hunter v. Pre-Paid Legal Services, Inc., et al.**
Case No. 4:25-cv-5399

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of . My business address is 12275 El Camino Real, Suite 100, San Diego, CA 92130-4092.

On June 27, 2025, I served true copies of the following document(s) described as **DEFENDANT PRE-PAID LEGAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** on the interested parties in this action as follows:

| | |
|---|---|
| Jonathan M. Lebe<br>Anthony J. Lebe<br>LEBE LAW, APLC<br>3900 W Alameda, 15th Floor<br>Burbank, California 91505 | **Attorneys for Plaintiff**<br><br>Emails:   jon@lebelaw.com<br>          tony@lebelaw.com |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 27, 2025, at San Diego, California.

Janet E. Jackson